MILLER
v.
ANDRUS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## LAFASTE, Administrator, *v.* BERAUD.

The effect of the registry of an act conferring a privilege ceases by the omission to re-inscribe it within ten years from the date of the first inscription. C. C. 3333.

APPEAL from the District Court of St. Landry, *Overton,* J. *Lataste, pro se. Lewis, Swayze* and *Taylor,* for *Dupré. Hallam,* for the appellant. The judgment of the court was pronounced by

ROST, J. The defendant, in right of his wife *Féliciane Déjean,* has appealed from a judgment distributing the proceeds of immovable property among certain mortgage creditors.

The facts material to this part of the case are as follows: The mother of *Féliciane Déjean,* formerly owned the property sold, and the latter had. during her minority, a legal mortgage upon it to secure her rights. After she became of age she released the mortgage, and the property was shortly after mortgaged to the Union Bank. In 1833, the mother of *Féliciane* sold the property to her five sons, and they assumed, as part of the price, to pay the claim of the said *Féliciane,* which had not been satisfied when the legal mortgage was released by her. In 1836, *Félix Déjean,* one of the purchasers, sold his share to his brothers, who again assumed to pay said claim as a part of the price. In 1839, *Lastie Dupré* took a conventional mortgage on the same property from three of the purchasers. The Union Bank has caused the property to be sold, and the defendant has become the purchaser, for a sum larger than the claim of that institution.

The right of priority of the bank, and of the State for the taxes due at the time of the sale, is not contested; but the defendant maintains that the claim of his wife is entitled to priority over that of *Lastie Dupré.* We think otherwise. The release of the mortgage, whatever may have been the motive which induced *Féliciane Déjean* to give it, precludes her from claiming now under that mortgage, adversely to other mortgage creditors; and if it be conceded that, in 1833, she acquired a privilege on the property by virtue of the assumption of her brothers to pay her a part of the price, and that, on the 20th of January, 1836, the sale from *Félix Déjean* to his brothers created another privilege in her favor, the property was sold by the sheriff on the 7th of March, 1846, and those two privileges had then ceased to operate against third persons, for want of re-inscription within ten years from the date of the first registry. C. C. 3333. *Shepherd* v. *Orleans Cotton Press, ante* p. 100.

The claim of *Féliciane Déjean* against her brother *Edmond Déjean,* must be settled in due course of administration of his succession.

*Judgment affirmed.*